## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

George Black,

        Petitioner,               **Case No. 2:14–cv–2179**

    v.                    **Judge Michael H. Watson**

Terry Tibbals, Warden,       **Magistrate Judge King**
London Correctional Institution,

        Respondent.

### ORDER

On November 24, 2015, the Magistrate Judge recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Report and Recommendation ("R&R"), ECF No. 9. Petitioner objects to that recommendation. Obj., ECF No. 10. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, the Court **OVERRULES** Petitioner's objection, **ADOPTS** the R&R, and **DISMISSES** this action. In addition, the Court **DENIES** Petitioner's request for an evidentiary hearing and a certificate of appealability.

Petitioner alleges that he was denied a fair trial because of prosecutorial misconduct during *voir dire* and that he was denied the effective assistance of counsel because his attorney failed to object to the improper *voir dire*. The Magistrate Judge recommended dismissal of the former claim as procedurally defaulted and the latter as without merit. Petitioner objects only as to the latter.

As an initial matter, Petitioner asks for an evidentiary hearing.  Given that the Court finds that the record is sufficient such that an evidentiary hearing would not aid in its consideration of Petitioner's objection, the Court **DENIES** Petitioner's request.

The following information from the petition is relevant to the Court's review of Petitioner's objection.  Petitioner alleges his attorney failed to object to the prosecutor's improper *voir dire* questioning during his state trial for involuntary manslaughter, felonious assault, and failure to stop after a non-public road accident.  According to Petitioner, the prosecutor improperly asked questions concerning specific past conduct by jurors in order to invite prior agreement on an element of an offense or of a defense.  Petitioner claims that these questions violated his right to a fair trial under Ohio law and the Sixth Amendment of the United States Constitution.  He claims that his counsel was ineffective because he failed to object to the questioning and failed to move for a mistrial as a result of such questioning.  By way of summary, Petitioner provides the following regarding the prosecutor's questioning:

> During voir dire, the prosecutor repeatedly asked prospective jurors whether they had ever hit or run over things while driving. He asked if there was any doubt that they knew they'd hit something and he additionally asked if they had ever driven away from an accident. An example would be this exchange:
>
> MR. SCHMIDT: All right. Were you aware that you had hit a telephone pole?
>
> MS. BLEVINS: Oh yes.

> MR. [sic] SCHNII.DT: You didn't back up and drive
> away and not even realize it happened, right?

Pet. 3–4, ECF No. 1-2 (internal citations to trial transcript omitted).

Petitioner argues that the failure to object to this type of questioning

constitutes ineffective assistance of counsel.

The Magistrate Judge found that claim to be without merit.  The Magistrate

Judge found that petitioner failed to meet the standard as set in *Strickland v.*

*Washington*, 466 U.S. 556, 687 (1984).  Furthermore, the Magistrate Judge

found that Petitioner failed to meet his burden "of showing that a juror was unable

to set aside any preconceived notions or opinion and render a verdict based

solely upon the evidence presented in court." *Id.* at 15 (citing *Jamison v. Collins*,

100 F. Supp. 2d 647, 700 (S.D. Ohio 2000) (internal quotation marks omitted)).

She reasoned that the state appellate court concluded that the prosecutor's

questions fell within permissible bounds under Ohio law and that trial judges are

afforded broad discretion in conducting *voir dire*. *Id.* (*Jamison*, 100 F. Supp. 2d

at 700).  The Magistrate Judge pointed out that Petitioner failed to cite and that

she is unaware of any federal cases that prohibit the "inquiring of potential jurors

regarding their experiences with facts similar to those involved in a case." *Id.*  In

addition, the Magistrate Judge noted that "this type of questioning would be

relevant to determining whether any potential juror may hold preconceived

notions or potential biases." *Id.*

On objection, Petitioner again argues that the prosecutor's questions in this case went beyond the permissible bounds of *voir dire*. He contends that the prosecutor attempted to obtain the jurors' agreement to a finding of guilt prior to trial and that his trial counsel therefore performed in a constitutionally ineffective manner in failing to object. Petitioner argues that the prosecutor's questions "crossed a line beyond mere 'similarity' and constituted an attempt at prior agreement to a verdict." *Id.*

For the following reasons and for the reasons discussed in the Magistrate Judge's R&R, however, this Court disagrees.

To establish a claim for ineffectiveness of counsel, Petitioner must meet the two-prong *Strickland* test: (1) "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness," *id.*, 466 U.S. at 687–88, and (2) "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 688. "The primary purpose of the voir dire of jurors is to make possible the empanelling of an impartial jury through questions that permit the intelligent exercise of challenges by counsel." *United States v. Aloi*, 9 F.3d 438, 441 (6th Cir. 1993) (quoting *United States v. Blount*, 479 F.2d 650, 651 (6th Cir. 1973)).

The Court finds that Petitioner's trial attorney was not *objectively* unreasonable in failing to object to the prosecutor's questioning. The prosecutor's questions related to Petitioner's charge of failure to stop after a non-public road accident. Thus, any answers provided by the prospective jurors may have afforded the basis for a challenge for cause . Further, Petitioner has made no showing of a reasonable probability that, but for his counsel's failure to object, the proceeding would have been different based on the totality of the evidence. *See Strickland*, 466 U.S. at 693 ("[A]ctual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice."). As such, Petitioner's objection is overruled.

Accordingly, the record fails to establish that habeas corpus relief is warranted under the deferential standard of review established by the Antiterrorism and Effective Death Penalty Act of 1996.

Petitioner also seeks a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, — U.S. —, —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This

standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S. at 893 n.4). Where the Court dismisses a claim on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The Court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

The Court is not persuaded that Petitioner has met either of these standards. Accordingly, the Court **DENIES** Petitioner's request for a certificate of appealability.

The Court **OVERRULES** Petitioner's Objection, ECF No. 10, **ADOPTS** the R&R, ECF No. 9, and **DISMISSES** this action.

The Clerk is directed to enter final judgment in this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**